Kepler, Appellant, *v.* Kepler et al.

Argued May 13, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, STERN, PATTERSON and PARKER, JJ.

*W. Bruce Talbott* and *Arthur C. Dale,* for appellant.

*Philip H. Johnston* and *R. Paul Campbell,* with them *J. Kennedy Johnston,* for appellees.

OPINION BY MR. JUSTICE DREW, May 25, 1942:

This is a bill in equity brought by Charlotte Kepler against Millie M. Kepler, widow of her deceased son,

618

Aaron C. Kepler; and Union Joint Stock Land Bank of Detroit, Michigan; Federal Land Bank of Baltimore, Maryland; and Land Bank Commissioner to have certain mortgages, sheriff's sale and deeds set aside because of the alleged fraud of the son perpetrated upon her in the execution of three agreements signed by her in 1916, 1917 and 1927, respectively. In these writings plaintiff surrendered her life interest in the income from a farm devised to her son by her deceased husband, and also postponed any and all right she had to live in the farm house and use the garden to a $12,000 mortgage executed by the son and his wife. The preliminary objections filed by defendants were sustained by the learned court below and the bill dismissed. On appeal by plaintiff to this Court, however, the decree was reversed and the bill reinstated. See *Kepler v. Kepler,* 330 Pa. 441. The case was then heard by a chancellor on bill, answer, replication and amended answer, and a decree nisi again entered dismissing the bill. After the dismissal of her exceptions and the entry of a final decree, plaintiff took this appeal.

The chancellor properly refused to consider plaintiff's claim of fraud in connection with the execution of the agreements of 1916 and 1917. In this regard, he said: "Following the opinion of the Supreme Court [*Kepler v. Kepler,* supra], no attempt was made to amend the Bill of Complaint, nor was any amendment made with relation to the facts alleged to constitute fraud regarding the agreements of 1916 and 1917. Therefore the general allegation, amounting to a mere legal conclusion as to fraud with regard to these agreements, is not entitled to any consideration and, by these agreements, Plaintiff surrendered her life interest under the will of Jacob M. Kepler, her deceased husband, the obligations assumed by her son, Aaron C. Kepler, became his personal obligations and were not equivalent to the interests vested in Plaintiff under the will of Jacob M. Kepler, deceased."

The facts are set forth elaborately and accurately in the chancellor's adjudication, and it would be needless

repetition to state them in detail here. As to the agreement of postponement of 1927, the chancellor found, inter alia, that although the Ohio-Pennsylvania Joint Stock Land Bank of Cleveland (which assigned its mortgage to Union Joint Stock Land Bank, one of defendants) refused to make the mortgage loan of $12,000 to plaintiff's son and his wife until plaintiff postponed her right to occupy the house and use the garden, the son and his wife nevertheless executed the mortgage, dated May 1, 1927, to the Ohio-Pennsylvania Bank to secure the payment of the loan when made, which mortgage was entered of record on May 27, 1927. On June 20, 1927, plaintiff signed, acknowledged and delivered to her son the writing in question, wherein there was recited as consideration therefore the funds paid or to be paid to the son and his wife under the terms of the mortgage. This agreement was placed of record the following day, and on June 27, 1927, the bank paid to the son the proceeds of the mortgage loan. Also as consideration for the mother postponing her rights in the house and use of the garden to the mortgage, on the same day she signed the agreement so to do the son alone signed a writing, wherein he obligated himself to pay her a stipulated amount annually; and in addition he took out a policy of insurance on his life in the sum of $6,000 in favor of his mother, and this sum was paid to her in full following his death on May 16, 1929. The mother was requested frequently by her son during the months of May and June, 1927, to sign the agreement of postponement in question. She at first refused to execute it, but did so after she had an opportunity to acquaint herself with the contents thereof and after being advised by Judge J. H. SHEPARD, an attorney-at-law, who was a neighbor and friend of her daughter, plaintiff's principal witness, and had on various occasions performed legal services for the husband of the daughter. Following the son's death, plaintiff accepted payments under the agreements of 1916, 1917 and 1927 from the administratrix of his estate, and also instituted an action in assumpsit in the

620

Court of Common Pleas of Centre County against the administratrix to recover additional moneys under these three instruments, in which suit she recovered a verdict of $1,500. Neither Ohio-Pennsylvania Bank nor any of defendants had any notice or knowledge of any fraud having been perpetrated upon plaintiff in the execution of the agreements here under consideration.

A careful reading of the record shows clearly that these findings were amply supported by competent evidence, and having been affirmed by the court en banc, they are conclusive and binding upon this Court: *Morris v. Featro,* 340 Pa. 354. From these facts, and others found by the chancellor, we are all agreed that when plaintiff executed the postponement agreement of 1927, the $12,000 mortgage was not an antecedent debt due from her son and his wife to the Ohio-Pennsylvania Bank, and that the agreement was executed by plaintiff for valuable consideration, with full knowledge of the contents and effect thereof and without fraud perpetrated upon her by her son.

Decree affirmed.